**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-110 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| JTTON WATSON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**ORDER DENYING DEFENDANT'S
MOTION FOR STAY PENDING APPEAL (DOC. 42)**

---

This matter is before the Court on Defendant Jtton Watson's Motion for Stay Pending Appeal (Doc. 42), to which the Government has filed a response (Doc. 44). Thereafter, Defendant filed a Motion to Withdraw the Motion to Stay (Doc. 45), but subsequently filed a Motion to Rescind the Motion to Withdraw (Doc. 46). Accordingly, this Motion is now ripe for the Court's adjudication. For the reasons set forth below, Defendant's Motion for Stay Pending Appeal shall be **DENIED**.

**PROCEDURAL HISTORY**

The criminal complaint in this matter was filed on October 5, 2021. (Doc. 1.) As a result of a detention hearing, Defendant was detained on October 13, 2021 pending trial. (Doc. 18.) Thereafter, an indictment was filed on October 14, 2021, and the Court held a preliminary pretrial conference on October 20, 2021. During a status conference on November 8, 2021, the issue of whether Defendant wanted to pursue self-representation

was raised. Accordingly, the Court set an in-person status conference with Defendant to be present on November 10, 2021.

It was during this status conference, which was on the record, that the Court became concerned about Defendant's competency. In fact, the Court raised this issue with counsel, suggesting the possibility of a competency evaluation, and defense counsel objected to the need for a competency evaluation. The Court, having heard from counsel on the issue, indicated that it would take the matter under advisement.

Thereafter, the Court issued an Order requiring Defendant to undergo a psychiatric evaluation. (*See* Doc. 29.) The Court noted in this order that it was concerned regarding Defendant's behavior during the status conference and was obliged to ensure that Defendant was competent under 18 U.S.C. § 4241. Defendant filed a Motion for Reconsideration (Doc. 30), which the Court denied.

Thereafter, the Court received no less than eight hand-written filings from Defendant, some of which appear to assert Defendant's right to self-representation, many of which border on incoherent. (*See* Docs. 34-41.)

On January 3, 2022, Defendant filed a Motion to Stay the Court's competency evaluation order pending review of the order by the Sixth Circuit. (Doc. 42.) After initially appearing to withdraw the Motion, Defendant now appears to pursue it. (*See* Docs. 45, 46.)

**LEGAL ANALYSIS**

In determining whether to grant a stay pending appeal, the Court considers four factors: (1) likelihood of success on the merits of the appeal; (2) likelihood that the moving

party will experience irreparable harm should the stay be denied; (3) the potential harm

to third parties if the court grants the stay; and (4) the public interest in granting the stay.

*See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153

(6th Cir. 1991). These factors are not prerequisites, but rather are considerations that are

to be balanced together. *Id.*

      Here, as set forth below, the Court concludes that the factors weigh in favor of

denying Defendant's Motion to Stay.

**A.    Likelihood of Success on the Merits of the Appeal.**

      Under 18 U.S.C. § 4241, "the district court has not only the prerogative, but the

duty, to inquire into a defendant's competency whenever there is 'reasonable cause to

believe' that the defendant is incompetent to stand trial." *United States v. White*, 887 F.2d

705, 709 (6th Cir. 1989). There is no precise definition of "reasonable cause," but the

Supreme Court has made clear that, when a judge has any significant doubt as to the

defendant's competency, inquiry is necessary. *Pate v. Robinson*, 383 U.S. 375, 385 (1966).

      Defendant argues that he will be successful on appeal for two reasons. First, he

contends that the Court erred by failing to give him a hearing prior to Defendant

undergoing a competency evaluation. Second, he argues that the Court's conclusion that

it had reasonable cause to question Defendant's incompetency was not supported with

any evidence in the record.

      First, there is no statute or Sixth Circuit law entitling Defendant to a hearing prior

to his competency evaluation. The statutory framework when a defendant's competency

is in question is quite detailed, *see* 18 U.S.C. § 4241, and it specifically does not require a

hearing prior to a competency evaluation. Nor does Defendant cite any Sixth Circuit decision requiring as much. Indeed, Defendant relies primarily on an out-of-circuit case that assumes the need for a hearing prior to a competency evaluation, also without citation to any authority requiring such. *See United States v. Weissberger*, 951 F.2d 392, 396 (D. C. Cir. 1991). Thus, the Court did not ignore or misapply the correct legal standard, as Defendant would need to prove to be successful on appeal. *See United States v. Jones*, 495 F.3d 274, 277 (6th Cir. 2007) (recognizing that, on appeal, the standard for reviewing a "reasonable cause" determination is abuse of discretion).

Furthermore, the Court gave Defendant exactly what he requested in the Motion for Reconsideration—the opportunity to be heard regarding his objections to a competency evaluation. Specifically, in his Motion to Stay, Defendant notes that the Court expressed concern regarding Defendant's competency and "indicated a possible intent to order a psychiatric evaluation." (Motion to Stay, Doc. 42, Pg. ID 214-15.) Defendant further admits that the Court "noted that it would take the question of Mr. Watson's competency under advisement. At the hearing, the defense objected to any suggestion of incompetency." (*Id.* at Pg. ID 215, fn 1.) As Defendant recognizes, the Court raised the issue of Defendant's competency during the status conference, it heard Defendant's objections, and it took the matter under advisement. Thus, Defendant had the opportunity to object prior to the Court issuing its ruling, as he admits. Thus, there was no need for another hearing on the need for a competency evaluation.

Second, the record contains substantial evidence supporting the Court's finding of "reasonable cause" to question Defendant's competency to stand trial. There is no bright

4

line test or stringent set of factors the Court must consider when determining whether to further inquire into Defendant's competency. *See Drope v. Missouri*, 420 US 162, 180 (1975); *United States v. Alfadhili*, 762 F. App'x 264, 267 (6th Cir. 2019). However, evidence of a defendant's irrational behavior is relevant to this inquiry, as is any prior medical opinion on the defendant's competency. *See Drope*, 420 U.S. at 180. Indeed, one of the most frequently cited factors is a "defendant's ability to participate in court proceedings by giving coherent responses to questions from the court." *Alfadhili*, 762 F. App'x at 267 (citing cases). As noted in the Court's order and reflected on the record during the in-person hearing, the Court was extremely concerned by Defendant's behavior during the hearing. Moreover, there is other evidence in the record supporting the Court's finding of "reasonable cause," including his handwritten motions and exhibits filed in the record.

Finally, the Court acknowledges the Government's argument that this order is not immediately appealable, thus further supporting that Defendant is unlikely to be successful on appeal. However, given the above, the Court is satisfied that its decision was supported and need not weigh in on this issue.

In short, the Court's conclusion is supported by the record, and Defendant is unlikely to succeed on appeal. As such, this factor weighs against granting the stay.

**B.      Likelihood of Irreparable Harm should the Stay be Denied.**

Defendant contends that he will experience irreparable harm should the stay be denied, but he focuses solely on the loss of his liberty interest. But because Defendant is already in custody, Defendant's liberty interest will be no further limited by a competency evaluation. This is the distinguishing fact between Defendant's situation

and the cases on which he relies. (*See* Doc. 42, Pg. ID 217-18.)

Again, the Court is duty-bound to ensure that Defendant is competent to stand trial, and it heard and considered all objections previously made. It intends to hold a competency hearing following the competency evaluation wherein Defendant may make any other arguments deemed necessary before the Court finally decides the competency question. Thus, the Court does not find any irreparable harm resulting from the denial of the stay, and this factor also weighs against granting the stay.

## C.    The Remaining Factors

The final two factors similarly counsel against a stay. First, while there is likely no harm to third parties if the stay is granted, it is important to the public interest that Defendant be timely prosecuted for the crime for which he was charged by the Grand Jury. Similarly, it is imperative that only competent individuals proceed to trial. As such, there is no reason to delay this process.

## CONCLUSION

For the foregoing reasons, the Court finds that the relevant factors weigh against a stay of its competency order. Accordingly, Defendant's Motion to Stay (Doc. 42) is **DENIED**. Furthermore, Defendant's Motion to Rescind the Motion to Withdraw (Doc. 46) is **GRANTED**, and thus Defendant's Motion to Withdraw the Motion to Stay (Doc. 45) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND